IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THE ESTATE OF NANCY ARRINGTON,
BY AND THROUGH JUANITA ARRINGTON,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE, FOR THE USE AND BENEFIT
OF THE ESTATE OF NANCY ARRINGTON, AND
FOR THE USE AND BENEFIT OF THE WRONGFUL
DEATH BENEFICIARIES OF NANCY ARRINGTON
                                                                                    PLAINTIFF

VS.                                                                     No. 2:04CV323-D-B

MARINER HEALTH CARE, INC. f/k/a/
MARINER POST-ACUTE NETWORK, INC., et al.                DEFENDANTS

OPINION DENYING MOTION TO REMAND

Presently before the Court is the Plaintiff's motion to remand this dispute to the Circuit Court of the Second Judicial District of Bolivar County, Mississippi. Upon due consideration, the Court finds that the motion to remand shall be denied.

*A. Factual Background*

This action, originally filed in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, was removed by the Defendants under the authority of 28 U.S.C. § 1332(a)(1). The Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (b) there is diversity of citizenship between the Plaintiff and properly joined Defendants.

The Plaintiff filed this action based upon the alleged wrongful death of Nancy Arrington. Ms. Arrington was admitted to Bolivar Health and Rehabilitation Center on May 28, 2004. Ms. Arrington was removed from the nursing home on June 9, 2004, and later died on June 16, 2004. The Plaintiff alleges that the Defendants' negligence proximately caused or hastened Ms. Arrington's

demise. The record reflects that the Plaintiff is a citizen of the State of Mississippi, and that Defendant Durren Lee "West" Westbrooke is also a citizen of the State of Mississippi. As the basis for removal, the Defendants argue that Westbrooke has been fraudulently joined.[1] Therefore, a finding that the non-diverse Defendant has not been fraudulently joined will defeat federal diversity jurisdiction and require remand of this matter.

## B. Standard for Review

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states ..." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

In the case sub judice, the Plaintiff and Defendant Westbrooke are considered residents of Mississippi. This fact, however, will not destroy federal jurisdiction if the Court finds that Westbrooke has been fraudulently joined in order to defeat diversity. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002). However, should the Court find that the non-diverse Defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. See, Travis v. Irby, 326 F.3d 644 (5th Cir. 2003).

---

[1] Neither party denies or disputes that the requisite amount in controversy is present. For purposes of this discussion, the Court will assume that the jurisdictional minimum has been satisfied.

The party alleging fraudulent joinder bears the burden of persuasion and that burden is quite stringent. See, Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either outright fraud in the plaintiff's recitation of jurisdictional facts, or that there is no reasonable possibility the plaintiff will be able to establish a cause of action against the in-state defendant in state court. Travis, 326 F.3d at 647-48.

The Defendants do not allege outright fraud, so the Court must determine whether there is no reasonable possibility that Plaintiff will be able to establish a cause of action against the non-diverse Defendant in state court. In making this determination, the Court must evaluate all of the factual allegations in the state court pleadings in the light most favorable to the Plaintiff. Further, the Court must examine relevant state law and resolve any uncertainties in favor of the Plaintiff. Hart, 199 F.3d at 246. In evaluating a claim of fraudulent joinder, the Court does not focus on whether the Plaintiff will prevail on the merits of her claims. Instead, the Court determines whether there is an arguable reasonable possibility that Plaintiff will be able to state a claim against the non-diverse Defendant. Travis, 326 F.3d at 648.

*C. Discussion*

Whether a case states a cognizable claim against a defendant is determined by reference to the allegations made in the original pleadings, although the Court may "pierce" those pleadings in making its determination. B, Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In the case at bar, it is alleged that Defendant Westbrooke "was the administrator for Bolivar Health and Rehab on the dates relevant to this lawsuit and is a resident citizen of the State of Mississippi." Other than

this one paragraph, the generalized complaint does not specifically refer to Westbrooke.

Westbrooke has not responded to the motion to remand, but had previously filed a motion to dismiss. In support thereof, Westbrooke asserts that he was not the administrator during the relevant time period and, further, that he was not served with any notice of this dispute before the suit was filed. Rather, Westbrooke offers that he "was the administrator for Bolivar Health and Rehabilitation Center from January 7, 2002 until August 30, 2003." The Plaintiff does not refute Westbrooke's affidavit, but instead offers a dissertation on the law of fraudulent joinder as it relates to non-diverse administrators. The Plaintiff simply ignores the fact that Westbrooke was not the administrator of the nursing home during the thirteen days Ms. Arrington was a resident.

Though the Court does not doubt the Plaintiff may pursue a claim against an administrator, the Plaintiff appears to have joined the wrong administrator in this case. In light of Westbrooke's affidavit demonstrating he was not the administrator at the nursing home for approximately nine months prior to Ms. Arrington's admission, there is no arguable reasonable basis to assume the Plaintiff could establish a claim against him. Therefore, the Court finds that the only non-diverse Defendant, Westbrooke, has been fraudulently joined and shall be dismissed. Consequently, the Court may retain jurisdiction over this dispute.

*D. Conclusion*

The Court finds that the Defendants have maintained their burden of persuasion by showing the absence of a reasonable possibility that the Plaintiff can state a claim for relief against the non-diverse Defendant Westbrooke. The Court concludes that Defendant Westbrooke has been fraudulently joined. The Plaintiff's motion to remand should be denied and this Court will retain jurisdiction of the dispute.

By previous order, all matters outside briefing the motion to remand were stayed. Based on the Court's holding today, the parties should redirect their attention to the pending motions to dismiss.

A separate order in accordance with this opinion shall issue this day.

This April 18, 2005.

/s/ Glen H. Davidson
Chief Judge