IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THE ESTATE OF NANCY ARRINGTON,
BY AND THROUGH JUANITA ARRINGTON,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE, FOR THE USE AND BENEFIT
OF THE ESTATE OF NANCY ARRINGTON, AND
FOR THE USE AND BENEFIT OF THE WRONGFUL
DEATH BENEFICIARIES OF NANCY ARRINGTON                           PLAINTIFF

VS.                                                              No. 2:04CV323-D-B

MARINER HEALTH CARE, INC. f/k/a/
MARINER POST-ACUTE NETWORK, INC., et al.                         DEFENDANTS

OPINION GRANTING MOTIONS TO DISMISS

Presently before the Court are the Defendants' motions to dismiss. Upon due consideration, the Court finds that the motions shall be granted.

*A. Factual Background*

This action, originally filed in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, was removed by the Defendants under the authority of 28 U.S.C. § 1332(a)(1). The Court has previously denied the Plaintiff's motion to remand finding jurisdiction was proper pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (b) there is diversity of citizenship between the Plaintiff and properly joined Defendants. The Plaintiff filed this action based upon the alleged wrongful death of Nancy Arrington. Ms. Arrington was admitted to Bolivar Health and Rehabilitation Center on May 28, 2004. Ms. Arrington was removed from the nursing home on June 9, 2004, and later died on June 16, 2004. The Plaintiff alleges that the Defendants' negligence proximately caused or hastened Ms. Arrington's demise.

*B. Standard for Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See, Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

*C. Discussion*

In support of their motions to dismiss the Defendants argue that the Plaintiff has failed to comply with the notice requirement of Miss. Code Ann. § 15-1-36(15). Under Mississippi law, health care providers are entitled to sixty (60) days prior written notice of intent to bring an action based on the provider's professional negligence. Miss. Code Ann. § 15-1-36(15). If the plaintiff provides the notice within sixty (60) days prior to the expiration of the statute of limitations, the plaintiff is afforded an additional sixty (60) days from the date the notice was served to file her claim. Id. At least one court has applied the doctrine of substantial performance to the notice requirement. See Carpenter v. Reinhart, 345 F. Supp. 2d 629, 632-33 (N.D. Miss. 2004) (plaintiff substantially complied with notice provision by mailing notice to the best known address for the defendant, and proof was presented that the notice was received).

On July 8, 2004, the Plaintiff sent notice of her intentions to take legal action. On August

25, 2004, less than sixty days later, the Plaintiff filed this action in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, alleging claims for, inter alia, medical malpractice. Despite ample opportunity, the Plaintiff has not responded to the Defendants' motions to dismiss. Though the lack of response is illuminating and also may serve as grounds for dismissal, the Court finds that the Plaintiff's claims may appropriately be dismissed for failing to comply or even substantially comply with the notice requirement of Miss. Code Ann. § 15-1-36(15).

Another court in this district recently dismissed a complaint where the plaintiff filed an action the day prior to the expiration of the claim with only one days notice. Betterton v. Edwards, et al., No. 2:02CV318-P-A (N.D. Miss. Dec. 7, 2004). Dismissing the claim, the court held that "[e]ffectuating notice within one day of filing suit when sixty days is required comes nowhere close to adequate, much less substantial, compliance." Id. at 2. Similarly and inexplicably, this Plaintiff has failed to comply with the sixty day notice requirement. Therefore, the Court finds that the Defendants' motions to dismiss shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 27th day of June 2005.

/s/ Glen H. Davidson
Chief Judge